1

2

3

4    NOTE: CHANGES MADE BY THE COURT

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   | SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, EAST YARD COMMUNITIES FOR ENVIRONMENTAL JUSTICE, PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, and SIERRA CLUB, | **Case No. 2:23-cv-02646-JLS-PD** |
     | --- | --- |
     | Plaintiffs, | |
     | v. | **CONSENT DECREE** |
     | UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency, | **(CONSOLIDATED CASES)** |
     | Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, on April 7, 2023, Plaintiff South Coast Air Quality Management District ("SCAQMD") filed lead Case No. 2:23-cv-02646 JLS-PD against Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency ("SCAQMD Compl.");

WHEREAS, on May 9, 2023, Plaintiffs East Yard Communities for Environmental Justice, People's Collective of Environmental Justice, and Sierra Club (collectively, "Environmental Plaintiffs") filed now-consolidated Case No. 2:23-cv-03545 JLS-PD against the United States Environmental Protection Agency and Michael Regan, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA" or "Defendants") ("Env. Compl.");

WHEREAS, on November 27, 2023, this Court, on the parties' joint motion, consolidated these two related cases "for all purposes" (ECF No. 23);

WHEREAS, SCAQMD and Environmental Plaintiffs (generally referred to herein collectively as "Plaintiffs") allege that EPA has failed to undertake a non-discretionary duty under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401–7671q, and that such alleged failure is actionable under section 304(a)(2) of the CAA, *id.* § 7604(a)(2), and Plaintiffs are seeking declaratory and injunctive relief as well as attorney fees and other costs of litigation pursuant to CAA section 304(a), *id.* § 7604(a), SCAQMD Compl. Prayer for Relief  ¶¶ 1-5, Env. Compl. Prayer for Relief  ¶¶ 1-5;

WHEREAS, CAA section 110(k) sets forth the process by which EPA reviews State Implementation Plan ("SIP") submittals. 42 U.S.C. § 7410(k). In accordance with that process, EPA must determine whether a SIP or SIP revision is complete within six (6) months after EPA receives the submission of a SIP or SIP revision, and if EPA does not determine completeness of the SIP or SIP revision within six (6) months, then the submittal is deemed complete by operation of law, *id.* § 7410(k)(1)(B);

WHEREAS, pursuant to CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), EPA is required to approve, disapprove, or conditionally approve, in whole or in part, each

plan or revision, within twelve (12) months of a determination of completeness by EPA or a submittal being deemed complete by operation of law;

WHEREAS, Plaintiffs allege that EPA has failed to perform a duty mandated by CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve or disapprove, or conditionally approve, in whole or in part, a "SIP submittal" entitled "Final Contingency Measure Plan," submitted to EPA by the California Air Resources Board on or about December 31, 2019. SCAQMD Compl. ¶ 12;  Env. Compl. ¶ 42.  Plaintiffs further allege that the Final Contingency Measure Plan became complete by operation of law on July 1, 2020, and that EPA had a mandatory duty to take final action on the SIP submittal by July 1, 2021, SCAQMD Compl. ¶ 14; Env. Compl. ¶ 46;

WHEREAS, the relief requested in the Complaints includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations;

WHEREAS, Plaintiffs and EPA have agreed to a consolidated settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree (the "Consent Decree"), do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in these consolidated matters and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve these matters without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(e); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the mutual consent of Plaintiffs and EPA, it is hereby ordered, adjudged and decreed that:

1. The appropriate EPA official shall sign a notice of final rulemaking to approve, disapprove, conditionally approve, or approve in part and disapprove in part, the Final Contingency Measure Plan no later than July 1, 2024.

2. EPA shall, within fifteen (15) business days of signature of the action set forth in Paragraph 1, send notice of the action to the Office of the Federal Register for review and publication in the *Federal Register*.

3. If California withdraws the SIP submittal described above, then EPA's obligation to take the actions required by Paragraphs 1 and 2 with respect to that SIP submittal is automatically terminated, and EPA has no obligation to take any action concerning such SIP submittal.

4. After EPA has completed the action set forth in Paragraph 1 of this Consent Decree, after notice of the final action required by Paragraph 2 has been published in the *Federal Register*, and the issue of costs of litigation, including reasonable attorneys' fees, has been resolved, EPA may move to have this Consent Decree terminated. Plaintiffs shall have fourteen (14) days to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond, which stipulation must be approved by the Court. The basis of Plaintiffs' opposition to such motion shall be limited to whether the parties have resolved the issue of costs of litigation including reasonable attorney's fees and whether EPA has failed to perform or failed to completely perform the actions required by this Consent Decree.

5. The deadline established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following the filing of a motion of an

undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

6. If a lapse in EPA appropriations occurs prior to a deadline in Paragraphs 1 or 2 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 5.

7. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of any and all claims in these consolidated cases.

8. In the event of a dispute between either or both of Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. The disputing parties shall meet and confer in order to attempt to resolve the dispute. If the parties to the dispute are unable to resolve the dispute within ten (10) business days after receipt of the notice, any disputing party may petition the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 8 has been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

10. The deadline for filing a bill of costs pursuant to C.D. Cal. Local Rule 54 and a motion for attorney fees also pursuant to Local Rule 54 for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including reasonable attorney fees), and if they cannot reach a resolution, a Plaintiff with an unresolved claim may file a motion for costs of litigation (including reasonable attorney fees).  Absent an order by the Court extending the deadline, any bill of costs or motions for attorney fees filed after the ninety (90) day deadline will be denied as untimely.

Any motion, opposition, and reply shall be filed in compliance with the Local Rules, including the timing requirements set by Local Rules 7-9 and 7-10.

11. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including reasonable attorney fees).

12. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree, (b) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), or (c) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law, or as a waiver of or limitation on any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, the parties shall promptly file a motion requesting that the Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matters, at a future date):

For Plaintiff South Coast Air Quality Management District:

> MATTHEW D. ZINN
> Shute, Mihaly & Weinberger LLP
> 396 Hayes Street
> San Francisco, CA 94102
> Telephone (415) 552-7272
> zinn@smwlaw.com

For Plaintiffs East Yard Communities for Environmental Justice, People's Collective for Environmental Justice, and Sierra Club:

> FERNANDO GAYTAN
> Earthjustice
> 707 Wilshire Boulevard, Suite 4300
> Los Angeles, CA 90017
> Telephone (415) 217-2025
> fgaytan@earthjustice.org

For Defendants:          MARTIN F. McDERMOTT
                         U.S. Department of Justice
                         Environment & Natural Resources Division
                         Environmental Defense Section
                         4 Constitution Square
                         150 M Street N.E., Suite 4.147

Washington D.C. 20002
Telephone (202) 514-4122
martin.mcdermott@usdoj.gov

19. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

21. The undersigned representatives of Plaintiffs and Defendants certify that they are fully authorized by the party(ies) they represent to consent to the Court's entry of the terms and conditions of this Decree.


DATED:  April 12, 2024

_____

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

1    COUNSEL FOR EAST YARD COMMUNITIES FOR ENVIRONMENTAL JUSTICE,
2    PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, and SIERRA CLUB:

3
                                        /s/ Fernando Gaytan
4                                       FERNANDO GAYTAN
                                        Earthjustice
5                                       707 Wilshire Boulevard, Suite 4300
                                        Los Angeles, CA 90017
6                                       Tel. (415) 217-2025
7                                       Email: fgaytan@earthjustice.org

8                                       *Attorney for Plaintiffs East Yard Communities for*
9                                       *Environmental Justice, People's Collective for*
                                        *Environmental Justice, and Sierra Club*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNSEL FOR DEFENDANTS:

*/s/ Martin F. McDermott*
MARTIN F. McDERMOTT
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.147
Washington D.C. 20002
Tel. (202) 514-4122
Email: martin.mcdermott@usdoj.gov

*Attorney for Defendants*

Of counsel:

Jesse Lueders
Office of Regional Counsel
U.S. Environmental Protection Agency

10